UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| | ORDER ON REMAND FROM NINTH CIRCUIT AND GRANT-ING DEFENDANT'S MOTION TO DISMISS |
| This document relates to: | |
| *Hill v. Bayer Corporation,* C03-2586 | |

This matter comes before the court on remand from the Ninth Circuit Court of Appeals.

I.  BACKGROUND

This case was filed as part of a multi-plaintiff complaint, and subsequently transferred to this MDL on May 15, 2003. Defendant served plaintiff with a blank plaintiff fact sheet ("PFS") on June 3, 2003, but plaintiff did not return a completed (or any) PFS within 45 days of service as required by Case Management Order 6 ("CMO 6"), which sets forth certain rules of discovery in this MDL. Defendant therefore forwarded plaintiff a warning letter on or about August 28, 2003, advising her that she had another 30 days to complete the PFS or defendant would move for dismissal. On November 18, 2003, having still not received a PFS, defendant moved for dismissal for failure to comply with

ORDER
Page - 1 -

court-ordered discovery.

On May 27, 2004 this court granted defendant Bayer Corporation's motion to dismiss for failure of plaintiff Lorilla Hill to complete and serve her fact sheet in a timely fashion, as required under CMO 6. The order of dismissal pertained to a number of other cases as well, and noted that plaintiffs had "not submitted fact sheets to date."

The Ninth Circuit reversed the dismissal as to the above-named case, holding that the court's finding that Hill had not submitted her fact sheet "to date" was in error. In fact, plaintiff had done so on or about November 26, 2003 – several months after it was due, and after defendant moved for dismissal, but before this court issued its order. Pursuant to the Ninth Circuit memorandum, the court will now consider defendant's motion to dismiss in light of the fact that plaintiff served her fact sheet on November 26, 2003.

II.  DISCUSSION

Defendant's original motion to dismiss was based on Fed. R. Civ. P. 37(b), which provides for dismissal where a party fails to permit proper discovery, and Fed. R. Civ. P. 41, which provides for dismissal for failure to comply with a court order. Evaluating a motion brought under either rule requires a court to consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

1  availability of less drastic sanctions." *Malone v. United States*
2  *Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

3      The court finds that these five factors weigh in favor of
4  dismissal. Plaintiff's delay impeded the resolution of this
5  dispute and the ability of the court to manage its docket,
6  problems compounded by the complex nature of the multi-district
7  litigation. Moreover, defendant claims, and the court finds, that
8  defendant has suffered prejudice from plaintiff's failure to
9  comply with CMO 6. The PFS was designed to give each defendant
10 the specific information necessary to defend the case against it.
11 Without that discovery device, a defendant is unable to mount its
12 defense because it has no information about the plaintiff or
13 plaintiff's injuries outside the allegations of the complaint. In
14 this case, plaintiff did not merely submit an incomplete PFS; she
15 submitted no fact sheet at all within the deadline, impairing
16 defendant's ability to discover evidence before it is lost or
17 forgotten.

18     Less drastic measures are highly unlikely to have any
19 salutary effect on defendant's case, as there is no evidence that
20 plaintiff's counsel will be any more cooperative going forward,
21 depriving defendants the fair opportunity to mount an effective
22 defense. Indeed, one such less drastic sanction already in place
23 – delay of both discovery deadline and remand – appears to have
24 had little or no corrective effect on plaintiff's timeliness.
25 Moreover, plaintiff has exhibited a high degree of non-
26 cooperation here, failing to request (or receive) permission from

the court or defendant to extend the CMO 6 deadline. She not only flaunted the 45-day deadline in CMO 6; she also failed to respond to defendant's initial warning letter or subsequent informal attempts to ascertain the status of her PFS in the months that followed.

Plaintiff's attempt to excuse her disregard for the court's discovery rules is wholly insufficient. She argues only that while her counsel made "good faith," if unsuccessful, efforts to contact his client in an attempt to complete the PFS, "disabling injuries" prevented plaintiff from completing and serving the fact sheet on time. Plaintiff does not detail in what way her injuries prevented her from completing the PFS in a timely fashion. Moreover, even if these circumstances mitigated plaintiff's responsibility to comply with the 45-day deadline (a doubtful proposition in an MDL largely composed of plaintiffs who have allegedly suffered disabling injuries), they do not explain – let alone excuse – her failure to communicate these difficulties with defendant in the months that followed. Furthermore, her response to defendant's motion displays an uncommonly cavalier attitude towards this court's orders, noting that her PFS was not, like others, a year or more late, but "merely" two months late. "Delay," she asserts, "is a relative concept." Pl. Resp. at 9. Court deadlines, however, are not.

Finally, while public policy favors resolution of a case on its merits, plaintiff's failure to allow discovery to proceed does nothing to ensure such resolution; in fact, quite the

ORDER
Page – 4 –

contrary. Plaintiff's delay prevents rather than promotes resolution of her case on the merits. *See In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)("policy [of disposing of case on its merits] lends little support to appellants, whose total refusal to provide discovery obstructed resolution of their claims on the merits.").

Plaintiff attempts to make much of having eventually served the PFS, albeit not on time. As the court has consistently held before, however, production of the fact sheet months late, and only after a defendant has been forced to move to dismiss, is not "compliance" with CMO 6. *See, e.g.*, *In re Phenylpropanolamine*, C01-1407, October 24, 2003 Order Granting Motion to Dismiss With Prejudice (rejecting plaintiffs' "last-ditch effort to comply with CMO 6" and dismissing complaints, though plaintiffs served their PFS after defendants filed the motion to dismiss). Such disregard for this court's directives and the orderly conduct of discovery consumes unnecessary time and resources of both this court and defendants.

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

DATED at Seattle, Washington this 4th day of April, 2006.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5 -